J-S32011-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| ALEXANDER LOPEZ, | |
| Appellant | No. 3032 EDA 2014 |

Appeal from the PCRA Order October 9, 2014
In the Court of Common Pleas of Lehigh County
Criminal Division at No(s):
CP-39-CR-0000380-2006
CP-39-CR-0000409-2006
CP-39-CR-0001785-2006
CP-39-CR-0001790-2006

BEFORE:  BOWES, MUNDY AND PLATT,* JJ.

MEMORANDUM BY BOWES, J.:                    **FILED MAY 19, 2016**

Alexander Lopez appeals from the October 9, 2014 order dismissing his first PCRA petition as untimely.  Counsel has filed a petition to withdraw and a brief pursuant to ***Anders v. California***, 386 U.S. 738 (1967).[1]  We affirm and grant the petition to withdraw.

---

[1]  The proper procedure to withdraw in post-conviction relief matters is not via an ***Anders*** brief.  Rather, counsel is to submit a no-merit letter/brief pursuant to the requirements of ***Commonwealth v. Turner***, 544 A.2d 927 (Pa. 1988) and ***Commonwealth v. Finley***, 550 A.2d 213 (Pa.Super. 1988) (*en banc*).  However, since the ***Anders*** procedures are viewed as affording greater protection than those prescribed under ***Turner/Finley***, the error
*(Footnote Continued Next Page)*

*  Retired Senior Judge assigned to the Superior Court.

Appellant was charged with numerous drug-related and weapons offenses in four criminal actions. On October 10, 2006, Appellant pled guilty to possession of heroin at CR-380; firearms not to be carried without a license at CR-409; possession with intent to deliver (cocaine) at CR-1785; and possession of a controlled substance at CR-1790. Various other charges were withdrawn.

The court sentenced Appellant on November 17, 2006, and Appellant did not file a direct appeal. Thus, his sentence became final under the PCRA on December 18, 2006, at the expiration of the thirty-day period for filing an appeal. 42 Pa.C.S. § 9545(b)(3).

On July 18, 2014, Appellant filed a *pro se* Petition for Writ of *Habeas Corpus*, which the trial court properly treated as a PCRA petition, and counsel was appointed. On October 9, 2014, more than twenty days after issuing Rule 907 notice, the court dismissed the petition as untimely.

Appellant filed the instant appeal. The PCRA court filed its Pa.R.A.P. 1925(a) opinion on October 29, 2014.[2] Counsel filed a petition to withdraw and a brief in which he set forth his conclusion that the appeal was frivolous

_____
(Footnote Continued)

has no effect on this appeal. **Commonwealth v. Widgins**, 29 A.3d 816, 817 n.2 (Pa.Super. 2011).

[2] Our review of the dockets reveals that the court did not order Appellant to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal.

- 2 -

as it was time-barred and that the Supreme Court's decision in *Alleyne v. United States*, 133 S.Ct. 2151 (2013), which Appellant invoked in his PCRA petition, did not constitute an exception to the PCRA time bar.

As a preliminary matter, we must address whether PCRA counsel has met the requirements of *Commonwealth v. Turner*, 544 A.2d 927 (Pa. 1988) and *Commonwealth v. Finley*, 550 A.2d 213 (Pa.Super. 1988) (*en banc*). *Turner/Finley* requires counsel to conduct an independent review of the record before a PCRA court or appellate court can authorize an attorney's withdrawal. Counsel must then file a "no-merit" letter detailing the nature and extent of his review and list each issue the petitioner wishes to have examined, explaining why those issues are meritless. *Commonwealth v. Freeland*, 106 A.3d 768 (Pa.Super. 2014) (citations omitted). Counsel is required to contemporaneously serve upon his client his no-merit letter and application to withdraw along with a statement that, if the court granted counsel's withdrawal request, the client may proceed *pro se* or with a privately retained attorney. *Id*. at 774. The PCRA court, or an appellate court if the no-merit letter is filed before it, then must conduct its own independent evaluation of the record. Only if the Court agrees with counsel that the petition lacks merit, will counsel be permitted to withdraw.

Here, we find that counsel has substantially complied with the requirements of *Turner/Finley*. Counsel represented that he reviewed the docket entries to ascertain the timing of critical events, the case files, the

- 3 -

case law applicable to the PCRA timeliness exceptions, and spoke to his client to ascertain facts that could give rise to any exceptions to the PCRA one-year time-bar. Counsel advised Appellant in a letter that he could not identify any issues of arguable merit, furnished him with a copy of his petition to withdraw and the appellate brief, and advised him that he had the right to retain other counsel or represent himself *pro se* and file a response to the petition to withdraw. Appellant did not file a response.

We now determine whether this appeal is indeed meritless. The standard of review regarding an order denying a petition under the PCRA is whether the determination of the PCRA court is supported by the evidence of record and is free from legal error. *Commonwealth v. Wah*, 42 A.3d 335, 335 (Pa.Super. 2012) (citations omitted). The PCRA court dismissed the petition as untimely. The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record. *Id*.

The issue identified and addressed by counsel is "Whether an appeal of a denial of a PCRA petition filed well beyond the one-year time limit and where no exception exists is frivolous such that appointed counsel should be granted permission to withdraw." Appellant's brief at 5. As counsel correctly represents, the timeliness of a PCRA petition is jurisdictional. *Commonwealth v. Fahy*, 737 A.2d 214 (Pa. 1999). A petitioner has one year after his judgment of sentence becomes final to file such a petition. 42 Pa.C.S. § 9545(b)(1). We cannot consider a later-filed petition unless the

petitioner pleads and proves one of the following exceptions: (1) that his claim was not previously raised due to governmental interference; (2) the claim is based on facts that could not have been ascertained through the exercise of due diligence; or (3) the petition asserts a newly-recognized constitutional right that has been held to apply retroactively by either the Supreme Court of the United States or the Supreme Court of Pennsylvania. 42 Pa.C.S. § 9545(b)(1)(i-iii). In addition, any petition invoking one of these exceptions must be filed within sixty days of the date when it could have been presented. 42 Pa.C.S. § 9545(b)(2).

Counsel states that the record supports the trial court's finding that the within petition is untimely. Appellant's judgment of sentence became final on December 17, 2006, when he did not appeal from the November 17, 2006 judgment of sentence. Thus, any PCRA petition, in order to be timely, had to be filed prior to December 17, 2007. The instant petition was filed on July 18, 2014, almost seven years after the judgment of sentence became final, and it is patently untimely. Appellant asserted that his petition fell within the timeliness exception for newly-recognized constitutional rights based on the United States Supreme Court decision in **Alleyne**, **supra**.[3]

---

[3] In **Alleyne v. United States**, 133 S.Ct. 2151 (2013), the United States Supreme Court held that the constitutional right to a jury trial requires any fact, other than a prior conviction, that triggers a mandatory minimum sentence to be proven beyond a reasonable doubt before the finder of fact. *(Footnote Continued Next Page)*

- 5 -

However, we agree with counsel that *Alleyne* does not render the within petition timely. Appellant failed to satisfy the threshold requirement of asserting the statutory exception within sixty days of the date the claim could have been presented. *Alleyne* was decided on June 17, 2013, and Appellant did not file the within petition until July 18, 2014, more than one year after the United States Supreme Court decided *Alleyne*.

Our review of the PCRA petition reveals that Appellant maintained that his failure to file the petition within sixty days of the decision in *Alleyne* should be excused as the prison computers had not been updated. This argument is unavailing, as this Court held in *Commonwealth v. Leggett*, 16 A.3d 1144, 1146-47 (Pa.Super. 2011), that the sixty-day period for a prisoner invoking an after-recognized constitutional right as an exception to the PCRA time bar begins to run on the date the underlying judicial decision is entered, not the date the decision became available in the prison library. *See also Commonwealth v. Baldwin*, 789 A.2d 728, 731 (Pa.Super. 2001) ("Neither the court system nor the correctional system is obliged to educate or update prisoners concerning changes in case law"). Accordingly, Appellant's attempt to avoid the time bar on this ground fails.

*(Footnote Continued)* ⸻⸻⸻⸻

Were we able to reach the merits, we would conclude that *Alleyne* is not implicated on the facts herein. Appellant pled guilty and there is no indication that any mandatory sentences were imposed.

Furthermore, even if Appellant could satisfy that threshold sixty-day requirement, **Alleyne** does not satisfy the newly-recognized constitutional right exception as it has not been held to apply retroactively by either the Supreme Court of the United States or the Supreme Court of Pennsylvania. In **Commonwealth v. Miller**, 102 A.3d 988, 995 (Pa.Super. 2014), this Court concluded that since neither Court has held that **Alleyne** is to be applied retroactively to cases in which the judgment of sentence has become final, a PCRA petitioner cannot invoke **Alleyne** to assert a statutory exception under § 9545(b)(1)(iii).

After a thorough independent review of the record, we find no other meritorious issues.

Petition of Robert E. Sletvold, Esquire, to withdraw granted. Order affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 5/19/2016